IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-84-BO

| | |
|---|---|
| ANTHONY MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| U.S. GOVERNMENT, ) | |
| ) | |
| Defendant. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Anthony McNair ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. Preliminarily, the court must determine whether the case is barred by a pre-filing injunction against plaintiff. For the reasons set forth below, the court finds that this case is not barred by the pre-filing injunction, but that it nevertheless should be dismissed.

I. **PRE-FILING INJUNCTION**

    A. **Background**

In *McNair v. Tarboro Dist. Atty's Office*, No. 5:11-CV-122-FL, 2011 WL 1743478 (E.D.N.C. 2 May 2011), this court entered a pre-filing injunction against plaintiff ("Pre-filing Injunction"). The Pre-filing Injunction was intended to address plaintiff's consistent pattern of filing frivolous lawsuits involving "allegations that judges, prosecutors, defense attorneys, and police officers deprived him of his constitutional rights with respect to various prosecutions in state court." *Id.* at *3.

The Pre-filing Injunction enjoins plaintiff from filing: (1) "any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by *Heck v. Humphrey*, 512 U.S. 477 (1994)"; or (2) "any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings." *Id*. The Pre-filing Injunction also requires plaintiff to attach a copy of the Pre-filing Injunction to any complaint that he files regardless of the subject matter. *Id*. The Pre-filing Injunction warns plaintiff that he may be subject to monetary penalties or contempt proceedings if he violates it. *Id*.

**B.     Analysis**

In the instant complaint, filed against the United States government generally, plaintiff argues that the Pre-filing Injunction entered in this court violates his First Amendment rights and deprives him of his constitutional rights of redress. (Compl. 3). Because the complaint appears to challenge the legality of the Pre-filing Injunction itself, the court finds that this case is not an action seeking damages related to state court convictions or involving a constitutional challenge to terminated state court criminal proceedings. Therefore, the claims in the complaint are not enjoined by the Pre-filing Injunction. Further, plaintiff attached a copy of the Pre-filing Injunction to the instant filings, as required. (Pre-filing Injunc. (D.E. 1-2)). The court concludes that it may consider plaintiff's claims on their substantive merit.

**II.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

The court finds that plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. The application to proceed i*n forma pauperis* is therefore GRANTED.

### III. FRIVOLITY REVIEW

#### A. Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual

enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B. Analysis

As noted, plaintiff's complaint challenges the legality of the Pre-filing Injunction entered against him in May 2011. Judgment in that case was entered on 11 May 2011. (Judg., 5:11-CV-

122-FL (D.E. 9)). Plaintiff did not file an appeal in that case and the time for plaintiff to do so has long since passed. Fed. R. App. P. 4(a)(1)(A) (stating that notice of appeal must be filed within 30 days after entry of judgment). To the extent that plaintiff's current filing is deemed an attempt to appeal the Pre-filing Injunction, the time to do so has expired, and the court may not review the underlying order. *See Schafler v. HSBC Bank USA*, 381 Fed. Appx. 282, 283 (4th Cir. 2010) (dismissing appeal of order imposing pre-filing injunction where notice of appeal not timely filed); *Freeze v. Veterans Admin. Med. Ctr.*, 183 Fed Appx. 320, 321 (4th Cir. 2006) (holding that court did not have jurisdiction to hear plaintiff's challenge to pre-filing injunction where it was filed beyond the applicable appeal period).

Moreover, plaintiff may not circumvent the appeal process by filing a new action seeking the same relief he could have sought on appeal. A party is not permitted to re-litigate claims that were, or could have been, raised in an earlier proceeding. *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 201 (4th Cir. 2009) (noting that a party may not file a claim that "has already been litigated to a final judgment by that party . . . and precludes the assertion . . . of any legal theory, cause of action, or defense which could have been asserted in that action"); *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996) (affirming district court's dismissal on frivolity grounds of claim that was decided adversely in previous action); *Perry v. U.S.*, ___ Fed. Appx. ___, 2013 WL 6333459, at *2 (Fed. Cir. 6 Dec. 2013) (holding that proper method for plaintiff to redress alleged errors in a pre-filing injunction issued against him was "through appeal, not by collateral attack on the judgment in a separate lawsuit." (quoting *Ullman v. United States*, 64 Fed. Cl. 557, 571 (2005))).

Here, plaintiff failed to file a timely appeal of the entry of the Pre-filing Injunction. Because he is not entitled to re-litigate the propriety of the entry of the Pre-filing Injunction in this proceeding, plaintiff's complaint should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this case be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 9 April 2014, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 26th day of March 2014.

*[signature]*
James E. Gates
United States Magistrate Judge